### In re APPLICATION OF GRUBER.

No. 11859—Opinion Filed April 10, 1923.

(Syllabus.)

**1. Appeal and Error—"Appeal"—Definition.**

The word "appeal," although a term originally derived from the civil law, is purely a creature of the statute law, and consequently our various statutes must be construed together in order to determine correctly the import of the term in any given statute.

**2. Appeal and Error—Right to Trial de Novo.**

Under statutes giving the right of appeal, no case can be tried de novo in the appellate court unless such statute permits or directs such a course to be pursued.

**3. Appeal and Error—Presumption on Appeal.**

The general rule in this jurisdiction is that error in the proceedings in the inferior tribunal will never be presumed, and the burden is upon the appellant to place before the appellate court everything necessary to enable it to pass upon the merits of the appellant's contention.

**4. Pensions—Appeal from Firemen's Pension Board —Procedure.**

On an appeal by an applicant from the decision of a firemen's pension and relief board, rendered by virtue of Session Laws of 1913, chapter 244, it is the duty of the applicant to have certified to the district court a complete transcript of the proceed-

ings before the board, including all of the evidence heard by the board, and the court shall only consider, on such appeal, whether or not the board erred in matters of law and whether or not the finding was supported by the evidence.

### 5. Same—Trial de Novo.

Record examined, and held, that the district court erred in trying the case de novo before a jury.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Appeal by W. C. Gruber from a ruling of the Firemen's Pension and Relief Board of the City of Guthrie. Judgment for applicant. The board brings error. Reversed and remanded.

C. G. Horner, for the pension board.

R. C. Basset, for W. C. Gruber, applicant.

KENNAMER, J. This was an action by W. C. Gruber in the district court of Logan county, appealing from a decision of the firemen's pension and relief board of the city of Guthrie.

The provisions of chapter 244, of the Session Laws of 1913, creating a firemen's pension fund and creating a board of trustees for the same, vested in the said board of trustees the original and exclusive jurisdiction to "direct payment of the amounts * * * to the persons entitled thereto." The board consists of five members: the mayor, or president of the board of trustees; the city clerk and treasurer of every incorporated city or town; and two members of the fire department of such city or town selected by the fire company. That in the absence of a statute giving the right of appeal or review of such decisions, the board's jurisdiction is exclusive, has been definitely decided by the case of State v. Firemen's Pension Fund (La.) 42 South. 506; 21 R. C. L. 251, sec. 15; Firemen's Pension Fund v. McCrory (Ky.) 21 L. R. A. (N. S.) 583.

On January 7, 1915, W. C. Gruber filed with the board of trustees of the firemen's pension and relief board of the city of Guthrie his application for a pension under the provisions of the act of 1913, supra. A hearing was had upon the application on January 26, 1915, and the board made the following finding:

"After hearing evidence and giving due consideration to the claim of W. C. Gruber for a pension on account of long service from the firemen's relief and pension fund it was moved by A. B. Armstrong and seconded by Ward Branham that the following minute of the findings and conclusions of the board be adopted: That the said W. C. Gruber is entitled to credit for service for the entire period beginning August 3, 1893, until May 1, 1913, except from April 25, 1901, to August 22, 1903, being a total credit of 17 years, two months, and 24 days. That under ordinance No. 40, providing for the qualifications and appointments of members of the fire departments and the records of the city clerk's office thereafter, the said W. C. Gruber is conclusively barred from being given any credit for the period from July 16, 1891, to August 3, 1893. That prior to July 16, 1891, it is the opinion of the board that said W. C. Gruber performed some service in the fire departments of the said city of Guthrie, but inasmuch as such service would not be sufficient to give him in aggregate credit for 20 years even if the entire period from May 11, 1889, to July 16, 1891, should be credited to him, it is not necessary to make an express finding of the exact amount of time during this period actually served by the said W. C. Gruber, and the board makes no conclusion upon the exact amount of time served during that period. That on account of the conclusions above stated the length of time to which said W. C. Gruber is entitled to credit for service in the fire department is not sufficient to entitle him to a payment of a pension, and his claim is therefore disallowed."

After several attempts to obtain a rehearing, Gruber succeeded in inducing the Seventh Legislature to pass an act giving the right of appeal from the decisions of the pension boards to the various district courts; and the act (chapter 1, Session Laws 1919) contained a retroactive provision in order that past decisions of the boards might be reviewed. The act was in the following words:

"Any person possessing the qualifications required and provided for under chapter 161 of the Session Laws of 1917, who deems himself aggrieved by the decision of the pension board on his claim for pension, either in rejecting his claim or in the amount allowed by said board, may appeal from such decision to the district court of the county in which such city liable for such claim may be located, by giving written notice of his intention to appeal, to the clerk of such city and by filing with the court clerk a transcript of the proceedings had before such pension board within 30 days from the date of such decision; provided, however, that nothing contained in this act shall be construed to deprive any claimant to the right of appeal whose claim may have been heretofore rejected by any pension board, and such claimant is hereby authorized to appeal from any such decision, at any time within 90 days after this

act shall have taken effect, upon giving notice and complying with the provisions of this act; and provided, further, that any appeal may be taken from the decision of the pension board by the city attorney, of such city, acting for and on behalf of such city, under the same conditions and upon the same terms and to the same court as is provided herein for appeals taken on the part of any claimant whose claim has been disallowed by the pension board."

A careful reading of the statute, supra will show that the Legislature has created a right of "appeal" from the decision of the pension board, but that it has not, by any indication, specified the manner or the nature of the proceedings on appeal.

Thereafter, in May, 1919, Gruber appealed to the district court of Logan county from the decision of the pension board, and in March, 1920, the case came up for hearing. The district judge ordered a jury empaneled to try the cause and proceeded to treat the appeal as a trial de novo. This was vigorously objected to by the counsel for the board, and we believe that this point is the most important among the errors urged in this court.

Before we can pass directly upon the meaning of the act giving this "appeal," it is necessary to look into the nature of this right.

Owing to the diversity of statutory provisions relating to appellate jurisdiction, in the several states, the word "appeal" is used in many different senses. The term is sometimes used to denote the nature of the appellate jurisdiction, without regard to the particular mode by which a cause is transmitted from one tribunal to another, as in the instant statute, and is sometimes used in its old "civil-law" and "common-law" significance. The fundamental idea of the word, without reference to any particular statute, involves the idea of a review of the proceedings in a trial which has already been had, and not the trial de novo of the case. State v. Williams, 40 S. C. 373, 19 S. E. 5; State v. Brown, 14 S. C. 380; Caldwell v. State (Wyo.) 78 Pac. 496.

Under the old "civil-law" meaning of the term, an "appeal" removed a cause entirely, subjecting the facts as well as the law to a review and retrial; and this application of the term in the 1919 statute can be the only justification of the action of the trial court in submitting the cause to the jury. This, doubtless, would be a correct position if the term "appeal" as used in the statute was an entirely new one in our

local jurisprudence, but that is by no means so, and therefore our course of legislation in reference to this term and our course of judicial decisions must essentially modify the application of the old import of the word.

So far as inferences are to be drawn from our course of legislation, they are anything but in favor of the construction that the term "appeal" necessarily imports a new trial upon the merits; because the provisions of the Constitution and every statute passed in this state wherein this term has been used are inconsistent with such a construction. In our system, in reference to this state of things, doubtless the true doctrine is that appeals in reference to actions at law and otherwise, although expressed by a term originally derived from the civil law, are purely creatures of our statute law, and, consequently, that our various statutes must be construed together in order to determine correctly the import of a term in any given statute. When the term was used in our Constitution and statutes, providing for the removal of causes to this court, it must be conceded that they do not import a trial de novo. In answer to this it might be contended that that is not conclusive, because this is essentially an appellate court. This fact does not, in our opinion, change the rule, because this court, besides its appellate power, has uniformly exercised original jurisdiction in a variety of cases. It does, however, by the affirmative provisions of the Constitution and the statutes, import such a trial when used in connection with the removal of cases from the justice of the peace courts to the district or county courts. Therefore, it is apparent that the term has no uniform import as to the mode of trial in our system, whatever may have been the import, technically, in the old civil law, from which it was derived.

In support of this view, there are a number of cases from other jurisdictions. Corpus Juris, in citing them, makes this statement:

"Under statutes giving the right of appeal no case can be tried de novo in the appellate court unless such statute expressly permits or directs such a course to be pursued." 4 C. J. 726, n. 15.

See, also, In re Burnette, 73 Kan. 609, 85 Pac. 575, and Wyatt v. Wyatt (Ore.) 49 Pac. 855.

Therefore, treating the subject from this standpoint alone, we are bound to hold that the district court erred in attempting to

try the case de novo under the 1919 statute, supra.

The precedents and the nature of the proceedings in this jurisdiction have been that where the appeal is not taken by trial de novo, the appellate court treats the appeal in the nature of the old common-law "writ of error"; that is, the appellate court does not hear additional evidence, but confines itself to error appearing in the record, and sometimes, when the question is properly raised, as to whether or not the findings of fact of the inferior tribunal are supported by the evidence as taken and heard by it.

Section 11 of chapter 244 of the Session Laws of 1913, in conferring specific powers upon the board of trustees, provides:

"The board herein provided for shall, in addition to other powers herein granted, have power, to wit:

"First. To compel witnesses to attend and testify before it upon all matters connected with the operations of this act, and in the same manner as is or may be provided by law for the taking of testimony before notaries public; and its presidents or any member of said board may administer oaths to such witness.

"Second. To provide for the payment from such funds of all its necessary expenses and printing; provided, that no compensation or emolument shall be paid to any member of said board for any duties performed under this chapter.

"Third. To make all rules and regulations needful for its guidance in conformity with the provisions of this chapter."

Section 3 of the act requires the board to keep a record of its proceedings.

This, in our opinion, requires the board to take the evidence in writing; that is, at least, if requested to do so by an applicant in a hearing on his application for a pension, to be paid out of the funds intrusted to the proper administration by the board. The 1919 statute, supra, providing for the appeal, requires the appellant to have the city clerk certify the transcript of the proceedings to the court clerk, and, we believe, this includes the transcript of the evidence.

The general rule in this jurisdiction is that error in the proceedings in an inferior tribunal will never be presumed, and the burden is upon the appellant to place before the appellate court everything necessary to enable it to pass upon the merits of his contention. Hoehler v. Short, 40 Okla. 681, 140 Pac. 146; Bunker v. Harding, 70 Oklahoma, 174 Pac. 749.

Gruber did not see to it that the evidence before the board was preserved and did not have a transcript before the district court in order that it might enter into the question of whether or not the findings of fact, as quoted supra, were supported by the evidence heard on the presentation of his claim to the board. In view of this state of facts, the rule as stated in 4 Corpus Juris, at page 736, is clearly applicable. That is:

"On a partial or incomplete record, the appellate court will presume any conceivable state of facts within the scope of the pleadings and not inconsistent with the record which will sustain and support the ruling or decision complained of; but it will not, for the purpose of finding reversible error, presume the existence of facts as to which the record is silent. Thus in support of the ruling or decision complained of, it will be presumed, on appeal, as to matters not fully disclosed by the record, that public officials performed their duty. * * *" (Citing authorities.)

The case of Wyatt v. Wyatt, supra, seems to us to be particularly applicable to the instant proposition, as well under the facts there considered as in the statutes the court there construed. Moore, C. J., after stating the facts, said:

"The statute provides that upon an appeal from a decree given in any court the suit shall be tried anew upon the transcript and evidence accompanying it. Hill's Ann. Laws Or. sec. 543. In Howe v. Patterson, 5 Or. 353, an appeal from a decree having been taken, and the transcripts filed without the evidence, it was contended by counsel for the appellant that the findings of fact set forth in the decree were conclusive upon the parties to the appeal; but it was held that the proposition insisted upon was untenable, the court saying: 'An appeal from a judgment in an action at law, as provided for in our Code, is in the nature of a writ of error at common law, because it expressly provides that a judgment can only be reviewed as to questions of law appearing upon the transcript. Thus it will be seen that on appeals in actions at law issues of fact cannot be reviewed by this court. But as it is provided that on an appeal from a decree in a suit in equity, "the same shall be tried anew upon the transcript and evidence," it is obvious that, where testimony was taken in the court below, it must be brought here, so this court may try the cause anew, as well upon the facts as upon the law.' It would be impossible to modify the findings of fact without having before us the evidence upon which they are predicated, or to correct conclusions of law not properly deducible therefrom. Yet it is quite clear that the modification of such findings and conclusions must, of necessity be involved

where a trial anew is had upon the 'transcript and evidence.' It follows that the cause cannot be tried anew in the absence of the evidence, and, this being so, the only question before us for consideration is, does the complaint state facts sufficient to support the decree?"

It is therefore the conclusion of this court, from an examination of the statutes and the decisions, that in any application to a pension board, by any individual, for a firemen's pension, should that person desire to preserve a record for appeal, he should request the pension board to have the evidence before it taken in the manner provided for the taking of depositions; and that in any appeal from a decision of the board the applicant should have certified to the district court a complete transcript of the proceedings before the board, including all of the evidence as taken at the original hearing. That the district court, in considering the appeal, should treat the matter, as heretofore said, in the nature of the old common-law "writ of error"; that is, to review the transcript of the proceedings and the evidence to the end that it may ascertain whether or not there have been errors of law committed by the board and whether or not the findings are supported by the evidence; at all times including the presumption that error has not been committed unless specifically pointed out by the appellant.

For the reasons stated, the judgment of the district court is reversed, and the cause remanded, with directions to enter a decree affirming the action of the board of trustees of the firemen's pension and relief board.

JOHNSON, C. J., and NICHOLSON, BRANSON, and MASON, JJ., concur.