DUNCAN et al. v. ASKEW et al.

No. 35709.    Dec. 16, 1952.

*251 P. 2d 515.*

Don Welch, Don E. Welch, and Thomas E. Shaw, Madill, for petitioners.

O'NEAL, J. On September 10, 1952, petitioners filed in this court their application to assume original jurisdiction, together with their petition for writ of certiorari.

Petitioners, on the same date, served copies of the application to assume original jurisdiction and petition for writ of certiorari on each named respondent, and advised them that the matter would be presented to the court on the 30th day of September, 1952, at the hour of 9:30 a. m.

On the 30th day of September, 1952, petitioners appeared by counsel and presented their application and petition. Respondents, though duly served with notice of the hearing, neglected to file a response and failed to make an appearance, either in person or by counsel.

On the 6th day of October, 1952, this court entered an order granting petitioners' application to assume original jurisdiction, and entered an order that the writ of certiorari be granted. Thereafter, and on November 12, 1952, a transcript of the proceedings had before the respondents, county superintendent, Johnston county, Oklahoma, and W. J. Monroe, Judge of the Twentieth Judicial District, State of Oklahoma, was filed in this court. The transcript discloses substantially the following facts:

James Duncan, father of James Duncan, Jr., on April 11, 1952, filed with the county superintendent of schools of Johnston county, Oklahoma, an application for transfer of his minor son from School District No. 40 of Johnston county, Oklahoma, to School District No. 20 in said county.

Lorraine Eaves, the mother of Jerry Eaves, on May 13, 1952, filed with the county superintendent of schools of Johnston county, Oklahoma, an application for transfer of her minor son from School District No. 40 of Johnston, county, Oklahoma, to School District No. 20 in said county.

James Duncan, Jr., and Jerry Eaves, having completed their eighth and ninth grades, respectively, sought transfers to School District No. 20, or the so-called "Tishomingo District," to enable them to receive a high school education, which was not available to them in the district of their residence.

Both applications and transfers by petitioners were filed on April 11th, and May 13, 1952, respectively, with the county superintendent of schools of Johnston county, Oklahoma, and thereafter, and on June 15, 1952, the county superintendent of schools disapproved and denied each of said applications.

On June 20, 1952, petitioners gave notice of appeal from the order of the county superintendent of schools and perfected their appeal by filing a transcript of the proceedings had in the district court of Johnston county, Oklahoma.

Thereafter, and on June 29, 1952, the respondent, W. J. Monroe, as judge of the district court of Johnston county, Oklahoma, heard said appeal and entered an order and judgment reversing the order of the county superintendent of school, above referred to.

On June 30, 1952, respondent, judge of said court, upon the request of a group of citizens of Dependent School District No. 43, of Johnston county, Oklahoma, upon an asserted rehearing, vacated and set aside his order and judgment entered on June 29, 1952. No notice was given to either of the school districts involved, or to the petitioners of said rehearing, or of the order vacating the previous order entered on June 29, 1952.

We have examined the entire record and find that the proceedings had before the respondents were instituted under Tit. 70 O. S. 1951 §§8-1, 8-2 and 8-3.

Subsection 1 of the Act authorizes the transfer of a child from one school district to another under conditions alleged in petitioners' application for the writ; subsection 2 provides the form of application for transfer, the filing thereof with the county superintendent of schools, the right of the board of education of either district, and the parent of the child to appeal the order of the county superintendent of schools in the district court; requires the court to hear the appeal not later than June 30th, and that the order of the district court entered in the proceedings shall be final; subsection 3 provides that, under the conditions therein specified, it is the mandatory duty of the county superintendent of schools to order the transfer of a pupil from one school district to another.

We assumed original jurisdiction in this cause upon the ground that the order of the respondent, the Judge of the District Court of the Twentieth Judicial District, under Tit. 70 O.S. 1951, §8-2, was a final order from which no appeal was authorized under the statute.

Furthermore, after the district court had entered its order of June 29, 1952, reversing the order of the respondent, the county superintendent of schools, and ordering the transfer of the petitioners as prayed for, he was divested of power and juridiction to vacate the order upon the application of a stranger to the record, without notice to either of said school districts, or petitioners, or granting them an opportunity to be heard upon the matter of vacating the order.

The original jurisdiction of the Supreme Court may properly be invoked under its general superintending control of an inferior court, especially where no appeal is allowed by statute, and where the order or judgment complained of is in excess of jurisdiction vested in the trial court. Art. VII, §2, of the Constitution of Oklahoma.

We said in Consolidated School Dist. No. C-41 v. Keen, Dist. Judge, 191 Okla. 188, 127 P. 2d 184, as follows:

"The general rule is that the writ of certiorari will lie to review judicial or quasi judicial orders when there is no adequate remedy by appeal or otherwise."

In the instant case, where it is shown that each petitioner had completed his formal education in the grades furnished by School District No. 40, the place of their residence, they were entitled upon proper application under the quoted statutes to a transfer to School District No. 20, in which district they could procure a high school education. Neither are respondents vested with a discretionary power under the statute, but their actions must be governed by the express mandate of the statutes.

Having determined that the district court exceeded its jurisdiction, we hold that the order of June 30, 1952, vacating the order of June 29, 1952, is void, and the respondent, W. J. Monroe, Judge of the Twentieth Judicial District of the State of Oklahoma, is directed to proceed in conformity with the views herein expressed.

HALLEY, V.C.J., and CORN, GIBSON, JOHNSON, and BINGAMAN, JJ., concur.