The BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NUMBER ONE OF TULSA COUNTY, Oklahoma, Plaintiff,

v.

Honorable S. J. CLENDENNING, Judge of the District Court of the 14th Judicial District, Tulsa County, Oklahoma, Defendant.

No. 42131.

Supreme Court of Oklahoma.

April 18, 1967.

Rosenstein, Mesirow, Livingston, Fist & Ringold, C. H. Rosenstein, A. F. Ringold, Tulsa, for plaintiff.

S. M. Fallis, Jr., Dist. Atty., William W. Means, Chief Civil Asst., G. W. Newton, Asst. Dist. Atty., Tulsa, Okl., for defendant.

WILLIAMS, Justice.

There is raised for our determination by the within pleadings and set of circumstances the question of whether the trial court erred in affirming orders of the County Superintendent of Schools of Tulsa County transferring some 28 grade and high school pupils from plaintiff school district to other nearby school districts for the school year 1966–1967.

Plaintiff school district has requested this Court to assume original jurisdiction of the cause of action stated in its petition herein wherein it seeks writs of certiorari and prohibition directed to respondent judge respectively directing him to certify

the record of a hearing before himself to this Court for its consideration and commanding him to desist and refrain from enforcing his orders so transferring the children to whom we have referred.

We have accepted jurisdiction under the authority conferred upon this Court pursuant to Oklahoma Constitution, Article VII, § 2.

The parties have agreed to forego the formality of issuance of a writ of certiorari. The record of the proceedings before defendant judge has been forwarded to us and the parties have made an oral presentation and filed their briefs herein.

■ In defendant judge's first proposition, the contention is made of effect that the hearing before such judge pursuant to 70 O.S.1961, § 8–2 is in the nature of an appeal as distinguished from a trial de novo, citing In re Gruber, 89 Okl. 148, 214 P. 690, and Duncan v. Askew, 207 Okl. 542, 251 P.2d 515.

From this hypothesis, defendant in effect argues that the duty devolved upon plaintiff district to demonstrate by competent evidence to the defendant judge that the county superintendent of schools had erred in making the subject transfers; that the plaintiff district had made no official, timely protest against the transfers and that plaintiff could not now be heard to contest the county superintendent's orders

The defendant judge in hearing conducted before him ruled that that hearing would be in the nature of an appeal as distinguished from a trial de novo, but then announced that the parties might produce such evidence as they cared to present (except possibly the evidence of the parents of the children involved). Thereupon the trial judge permitted the representative of plaintiff and the county superintendent both to testify and allowed cross-examination. The trial judge also received in evidence photocopies of the original applications of the parents of the respective children addressed to the county superintendent and permitted the latter to tell the special circumstances related by various ones of the parents to him in person or over the telephone in support of the applications made in behalf of their respective children.

Section 8–2 of Title 70 O.S.1961, after providing the procedure for the filing of application for a transfer with the county superintendent and the time and manner in which such official shall make his determination concerning the requested transfer, continues by providing as follows:

"* * * Provided that at any time before June 20th, the board of education of either district or the parent or guardian of the child may appeal, in writing, from the action of the County Superintendent of Schools to the district court of the county in which the child resides, and such appeal shall be heard, and a decision rendered thereon, not later than June 30th, and such decision shall be final."

As earlier noted herein, it is the contention of defendant judge that the word "appeal" in the above quoted statutory provision, restricts the district court to a review of the transcript of the proceedings had before the county superintendent and does not allow the court to conduct a trial de novo. We do not agree with this contention.

This question is apparently one of first impression in this Court. In School District No. 22, Osage County v. Worten, Okl., 289 P.2d 150, 151, this Court, in reciting what occurred before the district court in an appeal under § 8–2, supra, stated that "the matter was heard on appeal and after hearing statements and arguments of the respective parties the District Court reversed the order of the County Superintendent and granted the transfers."

In Huebert v. Keen, 190 Okl. 655, 127 P.2d 180, we reviewed a decision of a district court rendered on an appeal from a school annexation proceeding. The appeal in such proceeding is provided for in what is now 70 O.S.1965 Supp. § 7–1, and there

the procedure on appeal as is the case under 70 O.S.1961, § 8–2, is not delineated.

In commenting on the duties of the district court on such appeal from an annexation proceeding, we stated, at p. 183:

" * * * The court must review the whole record including the final order, and may consider any proper evidence offered, in order to ascertain whether all parties concerned, including the superintendent, have substantially complied with the act; and in determining that question the functions of the court are wholly judicial in character."

In Duncan v. Askew, supra, which involved our review of a district court's decision in an appeal to it under 70 O.S.1961, §§ 8–1, 8–2 and 8–3, we merely noted that "petitioners gave notice of appeal from the order of the County Superintendent of Schools and perfected their appeal by filing a transcript of the proceedings had in the District Court * * *."

None of the above quoted language from School District No. 22, Osage County v. Worten, supra, Huebert v. Keen, supra, or Duncan v. Askew, supra, constitutes a decision by this Court of the issue presented herein.

Defendant judge calls our attention to our language in In Re Gruber, supra, wherein we stated, 214 P. at p. 692:

"Owing to the diversity of statutory provisions relating to appellate jurisdiction in the several states, the word 'appeal' is used in many different senses. The term is sometimes used to denote the nature of the appellate jurisdiction, without regard to the particular mode by which a cause is transmitted from one tribunal to another, as in the instant statute, and is sometimes used in its old 'civil-law' and 'common-law' significance. The fundamental idea of the word, without reference to any particular statute, involves the idea of a review of the proceedings in a trial which has already been had, and not the trial de novo of the case. State v. Williams, 40 S.C. 373, 19 S.E. 5; State v.

Brown, 14 S.C. 380; Caldwell v. State, 12 Wyo. 206, 74 P. 496."

We further stated, 214 P. at p. 692:

" 'Under statute giving the right of appeal no case can be tried de novo in the appellate court unless such statute expressly permits or directs such a course to be pursued.' 4 C.J. 726, note 15."

However, this decision was interpreting the provisions now incorporated in 11 O.S.1961, § 381, which provide, in applicable part, that a person feeling aggrieved by a decision of a fireman's pension and relief board could appeal to the district court "by giving written notice, of his intention to appeal, to the Clerk of such City *and by filing with the Court Clerk a transcript of the proceedings had before such Pension Board*". (Emphasis added.) It should be noted here that under 11 O.S.1961, § 363, such fireman's pension and relief board is required to keep a record of all proceedings before it.

It is our opinion that, as applied to a situation where there is no record of the proceedings before the county superintendent available, the word "appeal" as used in 70 O.S.1961, § 8–2 requires a trial de novo in the district court. The provisions of such section do not provide for the making of a record before the county superintendent and do not expressly require the filing of a transcript with the district court on appeal. It is clear from the strict time limitations imposed in § 8–2 upon the filing of the transfer, the rendering of a decision on such transfer by the county superintendent, and the appeal to and the decision by the district court, that time is of the essence. Such time limitations are imposed to allow school districts to determine their enrollment for the coming school year and to make available to them information relative to school district income. As a result, the proceedings before the county superintendent are informal in nature and are not conducive to the making of a formal record. In fact, in the instant case, the county superintendent conducted no formal hearings, and by his

own testimony obtained information by informal telephone conversation with parents of the pupils seeking transfers.

Therefore, we now turn our attention to whether the county superintendent, as shown by the record made in the district court and filed herein, was authorized to grant the subject transfers under 70 O.S.1965 Supp. § 8–3, which, in pertinent part, provides:

"The county superintendent of schools shall grant an application for transfer of a child from the district in which such child resides to another school district furnishing instruction in the grade he is entitled to pursue if (1) the school district in which the pupil resides does not offer the grade which the pupil is entitled to pursue, and such pupil wishes to attend school outside the transportation area where the pupil resides, or if (2) the topography of the district in which the pupil resides, or the health of the child is shown by a certificate of any person licensed under Oklahoma law to practice a healing art, is such that the best interests of the child cannot be served by the child's attendance in the district in which he resides, or if (3) the board of education of the school district in which the child resides determines that the best interest of the child will be best served by such transfer, or if (4) the school district in which the pupil resides does not offer the vocational subject or subjects which the pupil desires to pursue and such transfer has the approval of the board of education of the district receiving the transfer. * * * *No transfer shall be granted for any reason not hereinbefore specified.* * * * (Emphasis added.)

For purposes of brevity, the transfers may be divided into the three classifications used by plaintiff:

(1) The plaintiff school district did not offer the vocational subject desired (transfer hereunder involved six children).

(2) The board of education of plaintiff school district believes that the best interest of the child will be served by a transfer (transfers hereunder involved 7 children).

(3) Convenience of parent or child and the best interest of the child (transfers hereunder involved fifteen children).

As to the first classification of transfers, it can not be determined from the evidence whether the subjects mentioned were in fact vocational subjects. Further, the county superintendent admitted that he had not attempted to determine whether the schools to which these students sought transfer offered the vocational subjects requested. Under the provisions of § 8–3, it is our opinion this determination would be mandatory.

The second classification of transfers would require, under the provision of § 8–3, a determination by the plaintiff school district, that the transfers were in the best interests of the child. There was no evidence submitted below which indicated that such plaintiff had ever made this required determination, but, to the contrary, an employee of plaintiff specifically denied that any such determination had ever been made.

The third classification, which involved the convenience of parent or child and the best interest of the child, does not come within one of the reasons for transfer set forth in § 8–3.

From the testimony herein of the county superintendent, it appears that he granted the subject transfers after he had determined in his mind what was for the best interests of the children; that "(T)his was my only consideration was the best interests of the child."

The provisions of § 8–3 quoted above quite clearly set forth the reasons upon which a transfer may be granted by a county superintendent pursuant to such statutory provisions. As provided by such section, no transfer may be granted for any reason not specified. Although in

considering a transfer the county superintendent may be required to determine the best interests of the child, such determination must be on the basis of an appropriate statutory reason, which reason is shown to exist by ample evidence, and specifically set forth in § 8–3.

For these reasons, it is our opinion that none of the transfers involved herein was authorized by the provisions of 70 O.S.1965 Supp. § 8–3.

■ The order of the district court granting transfers for the twenty-eight pupils involved herein is set aside and such court and judge thereof are enjoined, restrained and prohibited from enforcing or seeking to enforce the order transferring said twenty-eight pupils.

Writ granted.

All the Justices concur.