Student Transfers — Grounds — Appeals Title 70 O.S. 8-3 [70-8-3](3) (1961), applied only to the Board of Education of the school district in which the child resides. When an appeal is perfected to the county superintendent and the district judge, they must base their decision for granting such transfer to said student on reasons (1), (2) or (4) of Section 8-3. The Attorney General is in receipt of your recent letter in which you ask: "Does the provision of 70 O.S. 8-3 [70-8-3](3) (1961) where `The Board of Education of the School District in which the child resides determines that the best interest of the child will be best used by such transfer, grant to the County Superintendent and the District Judge, if an appeal is perfected, the authority to determine as a ground for transfer, what in their opinion is for the best interest of the child?'" 70 O.S. 8-3 [70-8-3] (1961), says in relevant part: "(a) The county superintendent of schools shall grant an application for transfer of a child from the district in which such child resides to another school district furnishing instruction in the grade he is entitled to pursue if . . . (3) the board of education of the school district in which the child resides determines that the best interest of the child will be best served by such transfer, . . . . No transfer shall be granted for any reason not hereinbefore specified." Number three of 70 O.S. 8-3 [70-8-3] (1961), supra, expressly says the board of education of the school district in which the child resides determines that the best interest of the child will be best served by a transfer. 70 O.S. 8-2 [70-8-2] (1961), reads in pertinent part: ". . . The County Superintendent of Schools shall, not later than June 15, notify, in writing, the clerk of each board of education affected as to whether or not the transfer has been granted. Provided that at any time before June 20th, the board of education of either district or parent or guardian of the child may appeal, in writing, from the action of the County Superintendent of Schools to the district court of the county in which the child resides, and such appeal shall be heard, and a decision rendered thereon, not later than June 30th, and such decision shall be final." In Board of Education of Independent School District Number One of Tulsa County v. S. J. Clendenning, Okl., 431 P.2d 382, the Supreme Court of Oklahoma said: "From the testimony herein the county superintendent, it appears that he granted the subject transfers after he had determined in his mind what was for the best interests of the children; that `(T)his was my only consideration was the best interests of the child.' "The provisions of Section 8-3 quoted above quite clearly set forth the reasons upon which a transfer may be granted by a county superintendent pursuant to such statutory provisions. As provided by such section, no transfer may be granted for any reason not specified. Although in considering a transfer the county superintendent may be required to determine the best interests of the child, such determination must be on the basis of an appropriate statutory reason, which reason is shown to exist by ample evidence, and specifically set forth in Section 8-3." In Board of Education of Independent School District Number One of Tulsa County v. S. J. Clendenning, supra, the Supreme Court reversed the order of the district court when the latter confirmed transfers for the twenty-eight students because the County Superintendent granted such transfers based on the convenience of the parents or child and the best interest of the child which does not come within the reasons for transfers set forth in 70 O.S. 8-3 [70-8-3] (1961). In Duncan v. Askew, 207 Okl. 542, 251 P.2d 515, the Supreme Court of Oklahoma said in interpreting 70 O.S. 8-1 [70-8-1], 70 O.S. 8-2 [70-8-2] and 70 O.S. 8-3 [70-8-3] (1961): "Neither are respondents the County Superintendent, and the Judge of the Twentieth Judicial District, State of Oklahoma vested with a discretionary power under the Statute, but their actions must be governed by the express mandate of the Statutes. " (Emphasis added) In Duncan v. Askew, supra, the Supreme Court of Oklahoma has limited the power of the county superintendent and the district judge in hearing appeals from the board of education to the express mandate of the statutes. Therefore, it is the opinion of the Attorney General that your question should be answered as follows: 70 O.S. 8-3 [70-8-3](3) (1961), which reads: "the board of education of the school district in which the child resides determines that the best interest of the child will be best served by such transfer," applies only to the board of education of the school district in which the child resides. When an appeal is perfected from the decision of the board of education to the county superintendent and the district judge, they must base their decision for granting such transfer to said student on reasons (1), (2) or (4) of Section 8-3 and not on the best interest of the student." (W. J. Monroe)