INDIGENTS — PROVIDING COUNSEL
Expenditures from the Court Fund may be made only to provide counsel for an indigent accused's appeal to the Oklahoma Court of Criminal Appeals. The Attorney General is in receipt of your letter wherein you request an official opinion for the following question: "Where counsel is appointed for an indigent accused, pursuant to 22 O.S. 1074 [22-1074] (1971), may court fund monies be legally expended to provide counsel for an appeal from the Oklahoma Court of Criminal Appeals to the United States Supreme Court?" Title 20 O.S. 1304 [20-1304] (1971) provides: "(a) Claims against the Court Fund shall include only such expenses as may be lawfully incurred for the operation of the court in the county. "(b) The term 'expenses' shall include the following items . . . "(8) Attorney's fees for indigents in the trial court and on appeal;" (Emphasis added) Title 22 O.S. 1074 [22-1074] (1971): "Whenever the judge of any court of record within this state shall determine that any person convicted of a crime within his court is without adequate funds or resources to employ legal counsel for the perfection of an appeal, he shall upon request of said convicted person appoint counsel for appeal. Said counsel shall be provided adequate compensation, as fixed by the judge, from the court fund of the county in which the defendant was convicted. Provided, that in any county where a public defender is regularly employed, the judge making a determination of the necessity for counsel to prosecute an appeal shall, where feasible and justice will be served, appoint such public defender to act as such counsel for the defendant for such appeal, and may, if the circumstances justify, allow an additional compensation to such public defender upon the concurrence of a majority of the district judges if more than one district judge." (Emphasis added) The question becomes one of interpreting the scope of the word "appeal," as used in the two preceding statutes. In considering the meaning of the word "appeal," the Oklahoma Supreme Court in In Re Gruber,214 P. 690 (1923) stated: "Owing to the diversity of statutory provisions relating to appellate jurisdiction in the several states, the word 'appeal' is used in many different senses . . . ". . . appeals in reference to actions at law and otherwise, although expressed by a term originally derived from the civil law, are purely cures of our statute law, and, consequently, that our various statutes must be construed together in order to determine correctly the import of a term in any given statute." (Emphasis added) Employing this statutory interpretation technique, it is apparent that Article VII, Section 4 of the Oklahoma Constitution and 22 O.S. 1051 [22-1051] (1971) would need to be considered. Article VII, Section 4 of the Oklahoma Constitution provides, in relevant part: ". . . the Court of Criminal Appeals shall have exclusive appellate jurisdiction in criminal cases . . ." Title 22 O.S. 1051 [22-1051] (1971) provides: "(a) An appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any judgment against him, which shall be taken as herein provided . . ." Construing the preceding provisions together, it is apparent that the term "appeal," as used in 20 O.S. 1304 [20-1304](8) (1971) and 22 O.S. 1074 [22-1074] (1971) means, an appeal to the Oklahoma Court of Criminal Appeals. Notwithstanding the conclusion reached by statutory interpretation, other overriding constitutional issues must be examined. In this connection an additional relevant question is whether the due process provisions in Article II, Section 7 of the Oklahoma Constitution and the Fourteenth Amendment of the United States Constitution require the state to provide an indigent accused an attorney for a discretionary appeal to the United States Supreme Court. The leading case involving an indigent's right to counsel is Douglas v. California, 372 U.S. 353, 9 L.Ed.2d 811, 83 S.Ct. 814. The Court held that California must provide counsel for an indigent accused on appeal from the state trial court to the state appellate court. The Court noted that: "We need not decide whether California would have to provide counsel for an indigent . . . seeking review of an appellate affirmance of his conviction in this Court S.Ct. of U.S. by appeal as of right or by petition for a writ of certiorari which lies within the Court's discretion. But it is appropriate to observe that a state can consistently with the Fourteenth Amendment, provide for differences so long as the result does not amount to a denial of due process or an 'invidious discrimination.' citations omitted Absolute equality is not required; lines can be drawn and we often sustain them." In this connection, it should be noted that 28 U.S.C.A. 1915 provides that: "Any court of the United States may authorize the commencement . . . of any suit, action, or proceeding, civil or criminal, or appeal therein, without the prepayment of fees and costs, by a person who makes affidavit that he is unable to pay such costs . . ." In subsection (d) of28 U.S.C. § 1915, a federal court may request an attorney to represent such a person. Further, Rule 53 of the United States Supreme Court provides for proceedings in forma pauperis, and the appointment of counsel for said indigent party. It thus appears unlikely that an indigent accused with a meritorious appeal would be without counsel in an appeal to the federal courts from a state court conviction. The various rules and statutes applicable to those courts provide for proceedings in forma pauperis, as well as the appointment of counsel. Where the state has provided counsel for indigents through its highest appellate court, it would seem that it has adequately protected an indigent's right to the due process of its laws. Therefore, it is the opinion of the Attorney General that expenditures from the Court Fund may be made only to provide counsel for an indigent accused's appeal to the Oklahoma Court of Criminal Appeals. (Steven E. Moore)