**SCHOOL DISTRICT NO. 22, OSAGE COUNTY, Oklahoma, Petitioner,**

v.

**Jesse J. WORTEN, Judge of the District Court of the Tenth Judicial District of Oklahoma, Respondent.**

**No. 37000.**

Supreme Court of Oklahoma.

Oct. 18, 1955.

J. Corbett Cornett, Pawhuska, Leon S. Hirsh, Oklahoma City, for petitioner.

Hamilton & Kane, Pawhuska, for respondent.

JACKSON, Justice.

This is an original proceeding in this court by School District No. 22 of Osage County, under the provisions of Art. 7, Sec. 2, Oklahoma Constitution, to prohibit the respondent, District Court of Osage County, Oklahoma, and the Judge thereof, from enforcing a judgment previously rendered by that court and from giving said judgment any force or effect.

The record as presented to us reveals that the County Superintendent of Osage County, refused applications to transfer eleven pupils from School District No. 22 in Osage County to Barnsdall District No. 29, in said county. Appeal was taken from the order of the County Superintendent denying the transfers to the District Court of Osage County.

Thereafter, and on June 29, 1955, the matter was heard on appeal and after hearing statements and arguments of the respective parties the District Court reversed the order of the County Superintendent and granted the transfers. The material part of the District Court's findings are as follows:

"That School District No. 22 offers the grades to which each of the children of the appellants is entitled to attend; that the health of none of the children of the appellants would be affected by their attendance at the school of School District No. 22; that due to the topography of School District No. 22 and Independent School District No. 29, the said pupils are required to travel a greater distance of two and one-half miles to the school of School District No. 22 than if they attended the school of School District No. 29, although each district has adequate school busses and each bus and bus route is approved for safety by the State Board of Education of Oklahoma; that due to the aforesaid difference in distance required to be traveled by said pupils of School District No. 22 by school bus it would be to the best interests of said pupils to be transferred to Independent School District No. 29 from School District No. 22, and that the action of the County Superintendent in denying the transfer of said pupils should be reversed and the applications of the respective parents of the pupils involved be granted."

After the petition for writ of prohibition was filed in this court the respondent, Judge of the District Court, has by way of a response, filed in this court (with consent of petitioner) a further statement of facts and reasons for reversing the order of the County Superintendent, in substance, as follows:

"The facts in this case disclose that the pupils requesting transfer lived in a small oil camp community which is at the extreme edge but within the boundaries of School District No. 22; that School District No. 29 is contiguous to the oil camp; that a paved State Highway No. 11 runs through the camp to Barnsdall, Oklahoma, the School District No. 29 to which they desired to be transferred. That it is three miles on the paved state highway to Barnsdall, the school to which they were transferred. That the children lived five and one-half miles from the school building in the district in which they reside; that three miles of this distance is on paved State Highway No. 11 and the remaining 2½ miles is on a well graveled and conditioned county road. After hearing the facts, it was the opinion of this Court that the best interest of the children requesting transfer would be served by them daily riding the school bus three miles to the District which they desired to be transferred rather than 5½ miles to the school building in the district in which they resided."

As authority for granting the transfers the respondent Judge invites our attention to 70 O.S.1951 § 8–3 and the language thereof which provides, in part, as follows:

"Provided, that a child may be transferred from a district furnishing instruction in the grade he is entitled to pursue when the topography of such district, or the health of the child as determined by a verified health certificate by a licensed physician, is such, in the judgment of the County Superintendent of Schools, that the best interest of the child cannot be served by the child's attendance in the district in which he resides."

The respondent has determined that the health of the children will not be adverse-

ly affected by attendance in their home district. This leaves for consideration the question of topography.

Under the statute a child may be transferred from a District "furnishing instruction in the grade he is entitled to pursue when the topography of such district * * * is such, in the judgment of the County Superintendent of Schools, that the best interest of the child cannot be served by the child's attendance in the district in which he resides."

We are of the opinion that unless the topography of the home district is such that the best interest of the child cannot be served in his home district the County Superintendent and the District Court are without lawful authority to grant a transfer. This appears to be the clear intention of the legislative enactment. The County Superintendent and all judicial officers must comply with the mandate of the legislative act. Duncan v. Askew, 207 Okl. 542, 251 P.2d 515.

The question then is squarely presented: Are the best interests of a child infringed upon by being required to ride an approved bus over an approved route a distance of 5½ miles where it is possible by transfer to travel only three miles over an approved route on an approved bus? We think not. There is no appreciable difference between 5½ miles and three miles where, as in this case, the routes and busses of both districts are approved.

We hold that it was the intention of the legislature that transfers will not be granted by reason of topography of the home district until it is apparent that the topography is such that the best interest of the child cannot be served. The law does not authorize a transfer under the facts in this case.

The order of the District Court granting transfers for the eleven pupils involved herein from School District No. 22 to School District No. 29, in Osage County, is set aside and the District Court and Judge thereof are enjoined, restrained and prohibited from enforcing or seeking to enforce the order transferring said eleven pupils from School District No. 22 to School District No. 29 in Osage County, Oklahoma.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN and BLACKBIRD, JJ., concur.

WELCH and HALLEY, JJ., dissent.