INDEPENDENT SCHOOL DISTRICT NO. 35 OF CHEROKEE COUNTY, Oklahoma, Petitioner,

v.

Laton L. DOTY, Assigned Judge of the District Court of Cherokee County, Oklahoma, and C. F. Bliss, Jr., Judge of the District Court of Cherokee County, Oklahoma, Respondents.

No. 43169.

Supreme Court of Oklahoma.

Dec. 17, 1968.

Durrett & Johnson, Tahlequah, for petitioner.

HODGES, Justice.

This action involves seventeen children who through their parents filed applications for transfer from the school district of their residence to the Petitioner school district. All applications were denied by the county superintendent. An appeal was taken to the district court under provisions of 70 O.S.A. § 8–2, and the school transfers were granted by respondent district judges.

Petitioner seeks a writ of prohibition enjoining the enforcement of these Orders of the trial judges permitting the school transfers. Although properly notified, there is no appearance or brief filed on behalf of the respondent judges.

■ To sustain a transfer of a child from one school district to another by the county superintendent the child must come under one of the grounds listed in 70 O.S.A. § 8–3, Board of Education of Independent School District No. One of Tulsa County, Oklahoma v. Clendenning, Okl., 431 P.2d 382. The portions of that statute pertinent to this review are as follows:

"(a) The county superintendent of schools shall grant an application for transfer of a child from the district in which such child resides to another school district furnishing instruction in the grade he is entitled to pursue if (1) the school district in which the pupil resides does not offer the grade which the pupil is entitled to pursue, and such pupil wishes to attend school outside the transportation area where the pupil resides, or if (2) the topography of the district in which the pupil resides, or the health of the child is shown by a certificate of any person licensed under Oklahoma law to practice a healing art, is such that the best interest of the child cannot be served by the child's attendance in the district in which he resides, or if (3) the board of education of the school district in which the child resides determines that the best interest of the child will be best served by such transfer, or if (4) the school district in which the pupil resides does not offer the vocational subject or subjects which the pupil desires to pursue and such transfer has the approval of the board of education of the district receiving the transfer. Provided a child may be transferred by the State Board of Education to a school district in another state, if the board of education of the school district in which the child resides and the board of education of the high school district in whose

transportation area the child resides determines that the best interests of the child will be best served by such transfer. No transfer shall be granted for any reason not hereinbefore specified. No child shall be transferred under the provisions of this Article to a school district other than the one designated in the application for his transfer."

 Summarizing the evidence on behalf of twelve of the seventeen children reveals that one of the parents of each of the children testified, first, it would be in the best interest of the pupil to transfer to the petitioner school district and secondly, the petitioner school district offered vocational subjects that were not offered by the transferring school district. As to the first reason offered on behalf of the children, it standing alone does not come within any of the enumerated grounds listed in the statute for transferring a child to another school district. A transfer in the best interest of the child must be determined by the school board of the transferring district. There was no evidence of probative value indicating that the transferring district school board made such a determination. The only other ground of the statute under which the children might be transferred in accordance with the evidence offered is the allowing a transfer for reason of taking vocational subjects not offered by the transferring district. To come under this provision the child must prove that the receiving district school board has approved the transfer. There was no evidence of a probative nature offered on behalf of any of the children that the receiving district school board approved the transfers. The twelve have wholly failed to prove that they come within any of the enumerated grounds for transfer set out in 70 O.S.A. § 8–3. The writ of prohibition is granted as to the assigned district judge Laton L. Doty's judgments regarding the twelve pupils.

The evidence in cases #14,449, 14,450 and 14,457 regarding the remaining children, reveals that the board of education of the transferring school district determined it would be in the best interest of the child in these cases to allow a transfer. This ground is listed as one of the grounds for transfer under 70 O.S.A. § 8–3.

In this connection petitioner challenges the constitutionality of 70 O.S.A. § 8–3(a) (3), asserting a violation of substantive due process in allowing a transfer of a child from one school district to another *without* providing payment of a transfer fee or property tax to compensate the receiving district for the added burden of an additional child. The record is silent as to petitioner's collection of transfer fees or taxes from transferring districts. Petitioner has not exhausted its remedies under 70 O.S.A. secs. 8–8 through 8–11, among other statutory provisions, for the collection of a transfer fee. Petitioner raises the question prematurely and it will not be considered on review by this court. The application for a writ of prohibition as to these children is denied.

Writ of prohibition granted in part and denied in part.

All Justices concur.