**INDEPENDENT SCHOOL DISTRICT NO. 25 OF ADAIR COUNTY, Oklahoma, Petitioner,**

v.

**Richard W. SMITH, Specially Assigned Judge of the District Court of Adair County, Oklahoma, Respondent.**

No. 43281.

Supreme Court of Oklahoma.

Jan. 21, 1969.

Lloyd E. Cole, Jr., Stilwell, for petitioner.

HODGES, Justice.

Presented in this original proceeding is the validity of an order by the respondent judge transferring twenty-two children from petitioner school district (Stilwell) to the Dependent School District No. 19 of Adair County (Peavine). Although properly notified, there is no appearance or

brief filed on behalf of the respondent judge.

The residence of the transferring children lies within the Stilwell School District. Application for transfer for each of the children were denied by the County Superintendent. The parents then appealed the denial of their applications to the District Court, and the school transfers were granted by the respondent judge. Petitioner seeks herein to vacate this order.

The respondent judge's Conclusions of Law and Findings of Fact show that applications for transfer were allowed to eleven children on the basis of topography.

Title 70 O.S. § 8–3 provides in part that a child may be transferred from a school district when the topography of the district "is such that the best interests of the child cannot be served by the child's attendance in the district in which he resides."

■ The evidence on this point shows that five children live within the city limits of Stilwell and only a few blocks from the Stilwell school. It is obvious that the transfer of these five children cannot be allowed on the statutory ground of topography.

■■ Evidence as to the other six children also does not support the order of transfer by reason of topography. One child lives 10 miles from the Stilwell school, but 14–16 miles from the Peavine school. The Stilwell school district provides for school bus transportation, and so we perceive of no topography factors sufficient to come within the purview of the statute. The remaining five children live within 7 or 8 miles of the Stilwell school and five (5) miles of the Peavine school. In each instance, school bus transportation is provided. A similar factual situation was presented in School District No. 22, Osage County v. Worten, Okl., 289 P.2d 150. There we said this difference in distance was not sufficiently appreciable, and caused no infringement upon the best interest of the children. We held that school transfers should not be granted "until it is apparent that the topography is such that the best interest of the child cannot be served." The same principles are applicable in the present case. We find that the respondent erred in granting the transfers on the statutory ground of topography.

■ The respondent judge also found that six children should be transferred because of vocational subjects offered in the Peavine school. The only evidence directed to this ground was that the Peavine school offered a course in remedial reading and in Indian arts and crafts. These courses are not vocational subjects within the contemplation of the statute, and cannot be made the basis for statutory transfer.

■ The remaining children were transferred by the respondent judge for medical reasons, illness of one of the parents and tender age. These grounds for transfer are not enumerated in the statute. The statute does provide that the health of a child can form a basis for transfer, but only when it is accompanied by a "certificate of any person licensed under Oklahoma law to practice a healing art." In the present case, no health certificate was produced, thus no medical grounds for transfer can be considered.

■ In Board of Education of Independent School District No. 1 of Tulsa County v. Clendenning, Okl., 431 P.2d 382, and Independent School District No. 35 of Cherokee County v. Doty, Okl., 448 P.2d 846, we emphasized that the only grounds upon which a school transfer may be granted are those specific enumerated reasons set forth in 70 O.S. § 8–3.

There being no evidence supporting a statutory ground for transfer, we find the Order should be vacated and is hereby vacated and a writ of prohibition granted as against any enforcement thereof.

All Justices concur.