**BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NO. 20 OF CRAIG COUNTY, Oklahoma, Petitioner,**

v.

**Honorable John Q. ADAMS, Judge of the District Court of the 12th Judicial District, Craig County, Oklahoma, Respondent.**

No. 43654.

Supreme Court of Oklahoma.

Feb. 10, 1970.

Robert S. Gee, and Coy Dean Morrow, of Wallace & Owens, Miami, for petitioner.

Pitcher, Logan & Lowry, Vinita, for respondent.

BERRY, Vice Chief Justice.

■ Petitioner's application, presented upon a combined petition for Certiorari and Prohibition, asks this Court's assumption of original jurisdiction for granting special relief against respondent. The petition originally sought relief upon application alleging lack of adequate remedy by appeal, but without any record of proceedings before respondent other than matters asserted in the petition. Since proceedings upon return of the writ of certiorari are confined to the record of the lower court, alleged errors of law committed by respondent were not subject to review at that stage. Lennon v. School Dist. No. 11, etc., 189 Okl. 37, 113 P.2d 382.

■ Upon presentation of the matter the parties' counsel agreed to prepare and forward a transcript of proceedings. That transcript has been filed, together with petitioner's supporting brief. In this circumstance we follow the procedure mentioned in Board of Education, etc. v. Clendenning, Okl., 431 P.2d 382, and Board of Education, etc. v. Maris, Okl., 458 P.2d 305, and issue no formal writ of certiorari. The record must be reviewed, however, to determine whether respondent exceeded, or acted within limits of, jurisdiction in determining the individual appeals from the county superintendent's orders denying applications for pupil transfers.

Involved here are eighteen children whose parents' applications for their transfer from School District I-20 (Bluejacket) were adjudicated by respondent, following county superintendent's denial of transfer by reason of objection by the Board of Education for that district. From this record, it is apparent no factors, or considerations, relating to the best interests and welfare of individual pupils were treated as proper or sufficient grounds for affirmative action by the objecting Board of Education. These children live four miles from Vinita with their widowed mother, who has part time employment in the Vinita school. The oldest boy was eligible for transfer in order to take vocational training. The mother declined to accept transfer for only one child, and respondent felt required to deny transfer for each child upon grounds requested. However, transfers were or-

dered upon other grounds discussed hereafter.

The pertinent provision of the statute governing pupil transfers between school districts, 70 O.S.Supp.1963 § 8–3, states:

"The county superintendent of schools shall grant an application for transfer of a child from the district in which such child resides to another school district furnishing instruction in the grade he is entitled to pursue if (1) the school district in which the pupil resides does not offer the grade which the pupil is entitled to pursue, and such pupil wishes to attend school outside the transportation area where the pupil resides, or if (2) the topography of the district in which the pupil resides, or the health of the child is shown by a certificate of any person licensed under Oklahoma law to practice a healing art, is such that the best interests of the child cannot be served by the child's attendance in the district in which he resides, or if (3) the board of education of the school district in which the child resides determines that the best interest of the child will be best served by such transfer, or if (4) the school district in which the pupil resides does not offer the vocational subject or subjects which the pupil desires to pursue and such transfer has the approval of the board of education of the district receiving the transfer. *   *   *"

A writ of certiorari presents for review only the question whether the lower court acted within or exceeded the jurisdiction conferred by law, and cannot be used to correct errors of law or fact committed within limits of the lower court's jurisdiction. Application of State Board of Medical Examiners, 201 Okl. 365, 206 P.2d 211.

Petitioner's attack upon respondent's orders advances three propositions. Each is directed against a separate category or ground of requested transfer. The first argument is directed against 9 transfers granted by respondent upon medical certif-

icates. Petitioner asserts medical transfers can be granted on this ground only when there is competent, probative evidence of facts relating to a pupil's medical condition "presented in the manner prescribed by statute."

Statutory requisites for medical transfer appear in § 8–3, supra. Language of the statute, coupled with quotation of statements from Board of Education Ind. S. D. No. 2 v. Maris, Okl., 458 P.2d 305, provide basis for petitioner's conclusion the medical certificates presently involved are insufficient to support respondent's orders. The asserted conclusion is based upon two arguments: (1) Absence of evidence showing the individuals executing medical certificates were licensed to practice any healing art; (2) failure of medical certificates to set forth probative facts concerning each child's physical condition.

The first argument merits little discussion. The questioned certificates were executed by local physicians in their professional capacity. The statute simply requires a medical certificate. The professional qualifications, or lack thereof, of each person executing a medical certificate could have been established by cross-examination. Although opportunity was extended, petitioner simply objected to introduction of the certificates without request or attempt to cross-examine doctors who executed the certificates. This statute does not require the party requesting transfer to establish the professional capacity of a doctor who executes a medical certificate.

Argument relative to the second complaint is unpersuasive, hence we do not consider verity of this argument in light of possible effect upon the recognized privilege of the physician and patient relationship. The statutory medical certificate must show a child's health is such his best interests require attendance in a district other than that of residence. Each certificate, upon which order of transfer was based, specified the child's health as a basis for transfer. A comparison of these certificates with those analyzed and found in-

sufficient in the Maris case, supra, reflects discernible differences. The certificates were sufficient to support respondent's orders without further, probative evidence concerning each applicant's medical history.

Petitioner also contends transfers granted for topographical considerations are void because not supported by sufficient evidence. This contention involves the Woolman children mentioned above and three Guthrie children. Petitioner insists our decisions in School Dist. No. 22, etc. v. Worten, Okl., 289 P.2d 150; Ind. School Dist. No. 25, etc. v. Smith, Okl., 463 P.2d 332, 40 O.B.J. 274, are controlling. In Worten, supra, two and one-half miles difference in travel over approved bus routes were held not "sufficiently appreciable" as to cause infringement upon the children's best interests. That conclusion was the basis in Smith, supra, for holding a travel distance of 2–3 miles insufficient to support a transfer based upon topography. No need exists for discussion and comparison of other cases involving transfers based on topographical grounds. Each necessarily was resolved upon consideration of circumstances peculiar to a particular situation.

■ Concerning the Woolman transfers, there was no evidence touching upon topography involved other than the mother's testimony it was about 20 minutes bus ride into Vinita, but a much longer bus ride to Bluejacket. Even absent direct evidence relative to topography involved, we are of the opinion respondent's orders of transfers upon basis of topography were proper. Courts may take judicial notice of facts of common knowledge. 29 Am.Jur.2d Evidence § 22 et seq. The location of cities and towns within the court's jurisdiction is a matter of which a court may take judicial notice. Harvey v. Territory, 11 Okl. 156, 65 P. 837. It is both geographi-

cal fact and matter of common knowledge that the towns of Bluejacket and Vinita are 15 miles apart. From judicial notice of this fact, respondent properly recognized traveling approximately 11 miles further to attend Bluejacket school would involve undue time and travel inimical to best interests of the Woolman children. The factual variance involved sufficiently discloses inapplicability of the "not sufficiently appreciable" factor expressed in the Worten and Smith cases, supra.

The matters mentioned likewise are dispositive of argument relative to transfers granted the Guthrie children.

■ Petitioner's final contention urges certain transfers granted, to permit the pupil to take vocational subjects, were void for failure to show the receiving school had approved these transfers. The statute, quoted heretofore, permits transfers for pupils who desire to pursue vocational subjects when " * * * such transfer has the approval of the board of education of the district receiving the transfer."

This issue was determined in Ind. School Dist. No. 35, etc. v. Doty, Okl., 448 P.2d 846. There we held an applicant must prove the receiving school district has approved the transfer, and specifically noted absence of probative evidence to show the requisite approval. Respondent exceeded his jurisdiction in attempting to order transfers of pupils on this ground. Writ of prohibition is granted against respondent judge as respects transfers which were approved for Charkie Glenn Christian, Dixie Lou Neill and Julie Ann Farris.

Writ of prohibition granted in part and denied in part in accordance with views expressed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.